IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| JAMES MARTZALL §<br>    Plaintiff §<br>§<br>VS. §<br>§<br>DEUTSCHE BANK NATIONAL TRUST §<br>COMPANY, AS INDENTURE TRUSTEE, §<br>ON BEHALF OF THE HOLDERS OF §<br>THE ACCREDITED MORTGAGE §<br>LOAN TRUST 2006-2 ASSET BACKED §<br>NOTES §<br>    Defendant § | C.A. NO. 5:22-cv-18 |

## DEFENDANT'S NOTICE OF REMOVAL

Defendant, Deutsche Bank National Trust Company, as Indenture Trustee, on behalf of the holders of the Accredited Mortgage Loan Trust 2006-2 Asset Backed Notes ("**Trustee**" or "**Defendant**") through undersigned counsel, hereby removes this case from the 131st Judicial District Court of Bexar County, Texas, to the United States District Court for the Western District of Texas, San Antonio Division. Defendant denies the allegations of the Complaint and the damages contained therein, and files this Notice without waiving any defenses, exceptions, or obligations that may exist in its favor in state or federal court.

### I.  INTRODUCTION AND STATEMENT OF COMMENCEMENT OF ACTION

1. On or about December 30, 2021, Plaintiff James Martzall ("Plaintiff") commenced this action by filing a Petition, Cause No. 2021CI26353, in the 131st Judicial District Court of Bexar County, Texas (the "State Court Action"). See Exhibit C-1. On the same date, Plaintiff obtained an ex parte temporary restraining order. See Exhibit C-2. Defendant filed an answer on January 6, 2022. See Exhibit C-4. This action is being removed less than 30 days following service of the Petition filed in the State Court Action and less than 30 days after

Defendant appeared in the State Court Action. Accordingly, removal is timely under 28 U.S.C. §1446(b).[1]

## II. PLEADINGS AND NOTICE TO STATE COURT

2. True and correct copies of all process and pleadings in the State Court Action are being filed along with this Notice of Removal. Pursuant to 28 U.S.C. §1446(d), written notice of this removal is being served on Plaintiff and filed in the State Court Action.

## III. STATEMENT OF STATUTORY BASIS FOR JURISDICTION AND VENUE

3. This action is within the original jurisdiction of the United States District Court pursuant to 28 U.S.C. §1332(a)(1). That statute provides, in pertinent part, that "the district courts shall have the original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States."[2] Venue is proper in this district under 28 U.S.C. §1441(a) because the state court where the State Court Action has been pending is located in this district. As discussed in detail below, this action satisfies the statutory requirements for diversity of citizenship jurisdiction.

## IV. DIVERSITY JURISDICTION

### A. Citizenship of the Parties

4. This civil action involves a controversy between citizens of different states. Plaintiff is a citizen of the State of Texas in that he resides in and is domiciled in the state of Texas.[3]

---

[1] *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999).
[2] 28 U.S.C. §1332(a)(1).
[3] See Plaintiff's Original Petition (the "Complaint") at ¶2.

2

5. Defendant, Trustee is not a citizen of Texas. When determining citizenship of a trust for purposes of diversity jurisdiction, it is the citizenship of the trustee which controls, not the citizenship of the beneficiaries of the trust.[4]

6. Deutsche Bank National Trust Company is now and was at the commencement of this action and all intervening times, a national banking association that has its principal office in California, as stated in its charter. Therefore, as a national banking association organized under the laws of the United States, Deutsche Bank and thus Trustee are citizens of California for diversity purposes.[5]

7. Since Plaintiff is a citizen of Texas and Defendant is a citizen of a state other than Texas, complete diversity of citizenship exists.[6]

**B.**     **Amount in Controversy**

8. This case places an amount in controversy that exceeds the $75,000 threshold. A party may remove an action from state court to federal court if the action is one over which the federal court possesses subject matter jurisdiction.[7] Such jurisdiction exists as long as the parties are completely diverse and the amount in controversy exceeds $75,000.00.[8]

9. When ascertaining the amount in controversy in the context of a motion to remand, district courts query whether a plaintiff's state court petition, as it existed at the time of removal, alleged damages in excess of the statutory minimum.[9] If the petition does not allege a specific amount of damages, the removing party must prove by a preponderance of the evidence that the amount in controversy requirement is satisfied.[10] The removing party satisfies this

---

[4] *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 464, 100 S. Ct. 1779, 64 L.Ed.2d 425 (1980).
[5] 28 U.S.C. § 1348; *Wachovia Bank v. Schmidt*, 546 U.S. 303, 307 (2006).
[6] See 28 U.S.C. § 1332(c)(1).
[7] See 28 U.S.C. §1441(a).
[8] See 28 U.S.C. §1332(a).
[9] See *S.W.S. Erectors, Inc. v. Infax, Inc.,* 72 F.3d 489, 492 (5th Cir.1996).
[10] See *Lewis v. State Farm Lloyds*, 205 F. Supp. 2d 706, 708 (S.D. Tex. 2002) citing *De Aguilar v. Boeing Co.,* 11 F.3d 55, 58 (5th Cir. 1993); *see also Manguno v. Prudential Prop. and Cas. Ins. Co.,* 276 F.3d 720, 723 (5th Cir. 2002) (explaining that the removing party bears the burden of showing that federal jurisdiction exists and that removal is proper).

burden if the court finds it "facially apparent" that the plaintiff's claimed damages likely exceed $75,000.00.[11] In this instance, Plaintiff's Complaint makes it facially apparent that Plaintiff's claimed damages exceed $75,000.00 given that Plaintiff seeks temporary and permanent injunctive relief that would preclude Defendant from conducting a foreclosure sale on the collateral securing the subject loan and the value of the property exceeds $75,000.00.

10. The filing of the present suit seeks to stop and has halted a foreclosure attempt by Defendant on property located at 16543 Inwood Cove, San Antonio, Texas 78248 (the "Property").[12] The value of the Property according to the Bexar County Appraisal District for 2021 is no less than $456,350.00. *See* Exhibit D.

11. As Plaintiff references in his Complaint, he seeks injunctive relief precluding Trustee from foreclosing on the Property based on a contention that Trustee is precluded from doing so by the applicable statute of limitations.[13]

12. Federal jurisdiction can be established by facts alleged in the petition for removal that support a conclusion that the amount in controversy requirement is satisfied.[14] "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation."[15] Plaintiff seeks relief which has and will continue to preclude enforcement of the contractual loan obligations or Defendant's right to foreclose on and take possession of the subject property.

13. "[W]hen the validity of a contract or a right to property is called into question in its entirety, the value of the property controls the amount in controversy."[16] "[T]he amount in controversy, in an action for declaratory or injunctive relief, is the value of the right to be protected

---

[11] *Allen v. R & H Oil & Gas Co.,* 63 F.3d 1326, 1335 (5th Cir.1995).
[12] See Plaintiff's Complaint at ¶ 8.
[13] See Complaint at ¶¶ 34-39 and Prayer.
[14] *Menendez v. Wal-Mart Stores, Inc.*, 364 Fed. Appx. 62, 66, 2010 WL 445470, 2 (5th Cir. 2010) (unpublished) (citing *Garcia v. Koch Oil Co. of Texas, Inc.*, 351 F.3d 636, 638-39 (5th Cir. 2003)).
[15] *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347, 97 S. Ct. 2434, 53 L. Ed. 2d 383 (1977).
[16] W*aller v. Prof'l Ins. Corp.*, 296 F.2d 545, 547-48 (5th Cir. 1961).

or the extent of the injury to be prevented."[17]  Also, where a party seeks to quiet title or undo a foreclosure, the object of the litigation is the property at issue and the amount in controversy is measured by the value of the property.[18]  The value of the subject property in this instance for diversity purposes is no less than $412,015.00 per the records of the Guadalupe County Appraisal District for 2021.  *See* Exhibit D.  The value of the Property in this instance satisfies the jurisdictional amount of $75,000.00 for diversity purposes.

## V.   JURY DEMAND

14. Plaintiff has not made any known jury demand in the State Court Action.

## VI.   CONCLUSION

15. For the foregoing reasons, Defendant asks the Court to remove this suit to the United States District Court for the Western District of Texas, Austin Division.

Respectfully submitted,

By: /s/ Michael F. Hord Jr.
Michael F. Hord Jr.
State Bar No. 00784294
Federal I.D. No. 16035
Eric C. Mettenbrink
State Bar No. 24043819
Federal I.D. No. 569887
HIRSCH & WESTHEIMER, P.C.
1415 Louisiana, 36th Floor
Houston, Texas  77002-2772
Tel 713-220-9182 / Fax 713-223-9319
E-mail: mhord@hirschwest.com
Email:  emettenbrink@hirschwest.com

**ATTORNEYS FOR DEFENDANT**

---

[17] *Webb v. Investacorp, Inc.*, 89 F.3d 252 (5th Cir. 1996), citing *Leininger v. Leininger*, 705 F. 2d 727 (5th Cir. 1983).
[18] *See Berry v. Chase Home Fin., LLC*, 2009 WL 2868224, at *2 (S.D. Tex. August 27, 2009).

## CERTIFICATE OF SERVICE

      I hereby certify that on this 10th day of January, 2022, a true and correct copy of the foregoing Notice of Removal was forwarded as follows:

James Minerve
13276 N Highway 183, Ste. 209
Austin, Texas 78750
(888) 819-1440 (Office)
(210) 336-5867 (Cell)
(888) 230-6397 (Fax)
Email: jgm@minervelaw.com
Attorney for Plaintiff GLORIA JO FLOYD
**Via Email and US Mail**

                                            /s/ Michael F. Hord Jr.
                                            Michael F. Hord Jr.