## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JAMES MARTZALL, | § | |
| | § | |
| *Plaintiff,* | § | SA-5:22-CV-00018-XR |
| | § | |
| v. | § | |
| | § | |
| DEUTSCHE BANK NATIONAL TRUST | § | |
| COMPANY, AN INDENTURE | § | |
| TRUSTEE, ON BEHALF OF THE | § | |
| HOLDERS OF THE ACCREDITED | § | |
| MORTGAGE LOAN TRUST 2006-2 | § | |
| ASSET BACKED NOTES, | § | |
| | § | |
| *Defendants.* | § | |

## ORDER

On this date, the Court considered Plaintiff's motion to remand (ECF No. 7), Defendant's response (ECF No. 13), and Plaintiff's reply (ECF No. 14). For the reasons discussed more fully below, the Court **DENIES** the motion.

## BACKGROUND

Plaintiff James Martzall ("Martzall") owns real property located at 16543 Inwood Cove, San Antonio, Texas 78248. ECF No. 16 ¶ 5. Martzall purchased the property for $234,320 on February 28, 2006, with a mortgage loan from Accredited Home Lenders, Inc. secured by a deed of trust that was later assigned to Defendant Deutsche Bank ("Deutsche Bank") as trustee on behalf of the Accredited Mortgage Loan Trust 2006-2 ("2006-2 Trust"). *Id.* ¶¶ 2, 7–8. Martzall alleges that Select Portfolio Servicing, Inc. ("SPS") is the agent and mortgage servicer of the mortgage note and deed of trust on behalf of Deutsche Bank, and that both SPS and Deutsche Bank claim the power of sale under the deed of trust. *Id.* ¶¶ 9–10.

On July 21, 2014, SPS sent Martzall a notice of intent to accelerate the loan. *Id.* ¶ 11. Between May 2015 and January 2022, SPS and Deutsche Bank filed with the Bexar County Clerk and sent Martzall nine notices of nonjudicial foreclosure. *Id.* ¶ 12. However, none of these scheduled sales took place. *Id.* ¶ 13. According to Martzall, "All of the notices of sale that were filed . . . stated that the amount of the Loan debt was 'wholly due.'" *Id.* ¶ 14.

On December 30, 2021, Martzall filed a lawsuit in the 131st Judicial District Court of Bexar County, naming "Deutsche Bank National Trust Company, as Indenture Trustee, on behalf of the holders of the Accredited Mortgage Loan Trust 2006-2 Asset Backed Notes" as the defendant. ECF No. 1-4, at 1. On January 10, 2022, Deutsche Bank timely removed the case to this Court on the basis of diversity jurisdiction. ECF No. 1 ¶ 1. On March 1, 2022, Martzall filed an amended complaint, seeking a permanent injunction preventing Deutsche Bank from interfering with his ownership of the property and a declaratory judgment specifying that any future foreclosure sale is time-barred and that Deutsche Bank's deed of trust is void. *See* ECF No. 16, at 6.

On February 8, 2022, Martzall filed the instant motion to remand, asserting that Deutsche Bank failed to allege facts adequately supporting diversity of citizenship between the parties. ECF No. 7. Specifically, Martzall argues that Deutsche Bank's notice of removal failed to "properly allege the 2006-2 Trust's citizenship." *Id.* ¶ 6. In Martzall's view, Deutsche Bank presumptuously relies on its own citizenship to establish this Court's subject matter jurisdiction based on diversity of citizenship, "without elaboration on the nature of the 2006-2 Trust." *Id.* Martzall therefore asserts that Defendant has not established this Court's subject matter jurisdiction on the basis of diversity jurisdiction. *Id.* ¶ 11. On February 22, 2022, Deutsche Bank filed a response. ECF No. 13. Martzall filed a reply on February 25, 2022. ECF No. 14. On March 17, 2022, the Court held a status conference and heard oral argument on the motion to remand. ECF No. 19.

## DISCUSSION

### I.    Legal Standard

A defendant may remove any civil action from state court to a district court of the United States which has original jurisdiction. 28 U.S.C. § 1441. "The party seeking to remove bears the burden of showing that federal jurisdiction exists and that removal was proper." *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 397 (5th Cir. 2013). The notice of removal must set forth a "short plain statement of the grounds for removal." 28 U.S.C. § 1446(a). "If at any time before final judgment it appears the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

### II.    Analysis

A federal court has subject matter jurisdiction based on diversity of citizenship where the amount in controversy exceeds $75,000 and the claim is between citizens of different states. 28 U.S.C. § 1332(a)(1). For removal to be proper, complete diversity among the parties must exist. *McLaughlin v. Miss. Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004) (citing *Strawbridge v. Curtiss*, 7 U.S. 267 (1806), *overruled in part by Louisville, C. & C.R. Co. v. Letson*, 43 U.S. 497 (1844)). Complete diversity requires that "all persons on one side of the controversy be citizens of different states than all persons on the other side." *Harrison v. Prather*, 404 F.2d 267, 272 (5th Cir. 1968).

In this case, neither party disputes that the amount in controversy exceeds $75,000. Indeed, both parties agree that the value of the real property at issue exceeds $75,000. *See* ECF No. 16 ¶ 7; ECF No. 18 ¶ 7; *see also Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983) ("In actions seeking declaratory or injunctive relief the amount in controversy is measured by the value of the object of the litigation."). Thus, the only question is whether Deutsche Bank properly alleged complete diversity between the parties.

**A. The rule articulated in *Navarro*, not *Americold*, applies in this case because Martzall has sued Deutsche Bank as trustee of the 2006-2 Trust.**

Martzall argues that Deutsche Bank's notice of removal is deficient because it fails to properly allege the 2006-2 Trust's jurisdictional citizenship. ECF No. 7 ¶¶ 2, 6–7. To support his argument, Martzall relies on *Americold Realty Tr. v. Conagra Foods, Inc.*, 577 U.S. 378 (2016). *Id.* ¶ 7. In *Americold*, corporate plaintiffs—with jurisdictional citizenships based in Delaware, Nebraska, and Illinois—brought suit against Americold Realty Trust ("Americold") in state court. 577 U.S. at 379. Americold, a "real estate investment trust" organized under the laws of Maryland, then removed the action to federal court, claiming that the suit involved citizens of different states. *Id.* at 379–80. Upon review, however, the Tenth Circuit disagreed and found that "the citizenship of any 'non-corporate artificial entity' is determined by considering all of the entity's 'members,' which include, at minimum, its shareholders." *Id.* Because "there was no record of the citizenship of Americold's shareholders," the Tenth Circuit "concluded that the parties [had] failed to demonstrate that the plaintiffs were 'citizens of different States' than the defendants." *Id.*

The Supreme Court "granted certiorari to resolve confusion among the Court of Appeals regarding the citizenship of unincorporated entities." *Id.* at 380. In so doing, the Supreme Court clarified that its holding in *Navarro Savings Ass'n v. Lee*, 446 U.S. 458 (1980), did not control the outcome of the case. *Id.* at 382. *Navarro*, the Supreme Court explained, had nothing to do with the jurisdictional citizenship of a trust, but rather, "reaffirmed a separate rule that when a trustee files a lawsuit in *her* name, her jurisdictional citizenship is the State to which she belongs—as is true of any natural person." *Id.* at 382–83. The Supreme Court reasoned that the rule articulated in *Navarro* "coexists with our discussion . . . that when an artificial entity is sued in *its* name, it takes the citizenship of each of its members." *Id.* at 383. In other words, "when a trustee files a lawsuit or is sued in her own name, her citizenship is all that matters for diversity purposes." *Id.*

4

In relying on *Americold* and arguing that Deutsche Bank failed to properly allege the 2006-2 Trust's jurisdictional citizenship, Martzall assumes that Deutsche Bank was required to assert the 2006-2 Trust's jurisdictional citizenship to properly establish this Court's subject matter jurisdiction based on diversity of citizenship. However, unlike in *Americold*, where the corporate plaintiffs sued "an inanimate creature of Maryland law[,]" *id.* at 379, Martzall has specifically sued Deutsche Bank as trustee of the 2006-2 Trust. *See* ECF No. 16 ¶ 2. Indeed, Martzall seeks a permanent injunction against and declaratory judgment precluding Deutsche Bank from foreclosing his property, alleging that Deutsche Bank is the successor in interest to the mortgage note and deed of trust on the property and that Deutsche Bank, in part, claims the power of sale under the deed of trust. *Id.* ¶¶ 8, 10. Having named Deutsche Bank as the real party in interest, it is unclear why Martzall now contends that the 2006-2 Trust's jurisdictional citizenship, as discussed in *Americold*, is relevant to determine whether this Court has subject matter jurisdiction on the basis of diversity jurisdiction. "As the Fifth Circuit recently explained, *Navarro*'s rule 'coexists' with *Americold*'s, and that 'if the trustee . . . is sued in the trustee's own name, then *Navarro*'s rule controls.'" *Schaffer v. U.S. Bank Tr., N.A. for LSF9 Master Participation Tr.*, No. 1:17-CV-297-RP, 2017 WL 6029646, at *2 (W.D. Tex. Dec. 5, 2017) (quoting *Bynane v. Bank of N.Y. Mellon for CWMBS, Inc. Asset-Backed Certificates Series 2006-24*, 866 F.3d 351, 358 (5th Cir. 2017)). As a result, the rule articulated in *Navarro*, not *Americold*, applies in this case.

### B.  Deutsche Bank has real and substantial control over the 2006-2 Trust.

"Where a trustee has been sued . . . in her own name, the only preliminary question a court must answer is whether the party is an 'active trustee[ ] whose control over the assets held in [its] name[ ] is real and substantial." *Justice v. Wells Fargo Bank Nat'l Ass'n*, 674 F. App'x 330, 332 (5th Cir. 2016) (quoting *Carden v. Arkoma Assocs.*, 494 U.S. 185, 191 (1990)). An active trustee's

5

Case 5:22-cv-00018-XR   Document 20   Filed 03/30/22   Page 6 of 9

control over the assets held in its name is "real and substantial" when the trustee "possesses certain customary powers to hold, manage, and dispose of assets for the benefit of others." *Navarro*, 446 U.S. at 464. These powers may include legal title to trust assets, the right to invest those assets for the benefit of the shareholders, and the right to sue and be sued in its capacity as trustee. *Id.* "That the trust may depart from conventional forms in other respects has no bearing upon this determination." *Id.* at 465.

Here, section 2.04 of the Sale and Servicing Agreement ("PSA") by and among, *inter alia*, the 2006-2 Trust and Deutsche Bank pledges legal title of the trust assets, specifically mortgage notes, to Deutsche Bank, as the Indenture Trustee, for the benefit of the noteholders. ECF No. 13-1, at 7. The Indenture Agreement between the 2006-2 Trust and Deutsche Bank also gives Deutsche Bank, as Indenture Trustee, the authority to manage and dispose of the trust assets. *See* ECF No. 13-2. In particular, sections 5.04(b) and 5.17 give Deutsche Bank the right to sell the trust assets, and sections 5.02 through 5.04 afford Deutsche Bank the right to enforce the collection of outstanding notes. *Id.* at 28–30, 35.

Martzall nonetheless contends that Deutsche Bank does not exercise real and substantial control over the 2006-2 Trust because Deutsche Bank does not have "the sole authority usually found in a traditional trust." ECF No. 14 ¶ 9. Martzall cites to multiple provisions in the Indenture Agreement for support, including, for example, section 3.05(b), which generally prohibits Deutsche Bank from removing trust assets from the jurisdiction in which they are held without first obtaining an opinion from legal counsel that any security interest on the relevant property will continue. *See* ECF No. 13-2, at 14. But the trustee's control over the trust need not be exclusive to be real and substantial. In *Navarro*, the Supreme Court determined that it was the jurisdictional citizenship of the trustees who brought suit in their own names, not the jurisdictional citizenship

of the trust beneficiaries, that mattered in discerning a federal court's subject matter jurisdiction on diversity of citizenship grounds, even though the trust beneficiaries had authority to elect and remove trustees, terminate or modify the declaration of trust, and prohibit the sale of more than half of the trust estate. 446 U.S. at 465 n.14. Likewise, in, *Bynane*, the Fifth Circuit found that the trustee possessed real and substantial control over the trust asserts under Navarro, despite the fact that "the certificateholders ha[d] . . . limited rights to vote or otherwise control the operation of the trust." 866 F.3d at 357.

The same is true here. Although the noteholders in this case appear to have some limited authority over Deutsche Bank and the trust estate, their authority is not so pervasive as to strip Deutsche Bank of the powers that make it the real party to this case. In fact, section 10.02(c) of the PSA expressly provides that the noteholders have no right to vote or otherwise control the operation and management of the trust outside except as expressly provided for therein. ECF No 13-1, at 68. "[A] trust is considered a real party to the action where the trust's own interests or own actions are the subject of the claims at issue." *Shastry v. U.S. Bank Nat'l Ass'n*, No. 3:16-CV-3335-G-BN, 2017 WL 1102807, at *3 (N.D. Tex. Mar. 2, 2017), *report and recommendation adopted*, No. 3:16-CV-3335-G (BNN), 2017 WL 1091650 (N.D. Tex. Mar. 23, 2017). As evidenced by Martzall's explicit acknowledgment that trustee Deutsche Bank is the defendant in this case, there is no serious dispute that Deutsche Bank is the real and substantial party in controversy. It is Deutsch Bank's jurisdictional citizenship, therefore, that matters to determine whether this Court has subject matter jurisdiction based on diversity of citizenship.

### C.   Deutsche Bank's notice of removal sufficiently establishes this Court's subject matter jurisdiction on the basis of diversity jurisdiction.

Deutsche Bank was required to set forth "a short and plain statement of the grounds for removal[.]" 28 U.S.C. § 1446(a). Deutsche Bank satisfied its burden by describing its position as

a trustee, citing to *Navarro* for the proposition that its jurisdictional citizenship governs, and defining itself as a national banking association with its principal place of business in California.[1] *See* ECF No. 1 ¶¶ 5–6 ; *see also* 28 U.S.C. § 1348 ("All national banking associations shall, for the purposes of all other actions by or against them, be deemed citizens of the States in which they are respectively located."); *Wachovia Bank v. Schmidt*, 546 U.S. 303, 307 (2006) ("[W]e hold that a national bank, for § 1348 purposes, is a citizen of the State in which its main office, as set forth in its articles of association, is located."); *Lake Passage Tr. v. HSBC Bank USA, N.A.*, No. 4:20-CV-03474, 2021 WL 1526792, at *2 (S.D. Tex. Apr. 19, 2021) (stating defendants set forth requisite short and plain statement of the grounds for removal by "describing HSBC's position as a trustee, citing to *Navarro* for the proposition that the trustee's citizenship governs, and defining HSBC as a national [banking] association with its principal place of business in Virginia.").

Martzall brought suit against Deutsche Bank as trustee on behalf of the 2006-2 Trust. Deutsche Bank's control over the 2006-2 Trust is real and substantial under *Navarro*. Therefore, only Deutsche Bank's jurisdictional citizenship is relevant for determining this Court's subject matter jurisdiction based on diversity of citizenship. It is uncontested that, as a national banking association with its principal office located in California, Deutsche Bank is a citizen of California and completely diverse from Martzall, a citizen of Texas. *See* ECF No. 16 ¶¶ 1–3; ECF No. 18 ¶ 3. As a result, the Court is satisfied that it has subject matter jurisdiction over this case on the basis of diversity jurisdiction.

---

[1] Martzall relies on *Booty v. Shoney's*, 872 F. Supp. 1524 (E.D. La. 1995), and *Dart Cherokee Basin Oper. Co. v. Owens*, 574 U.S. 81 (2014), to argue that Deutsche Bank was required to allege specific facts in its notice of removal that demonstrate its real and substantial control over the 2006-2 Trust. *See* ECF No. 7 ¶ 5. But neither case says anything about trusts or any particular requirements for describing a trust's jurisdictional citizenship in a notice of removal.

## CONCLUSION

Accordingly, Plaintiff's motion to remand (ECF No. 7) is hereby **DENIED**.

It is so **ORDERED**.

**SIGNED** this March 30, 2022.

_____

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE