IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| JAMES MARTZALL §<br>  Plaintiff §<br> §<br>VS. §<br> §<br>DEUTSCHE BANK NATIONAL TRUST §<br>COMPANY, AS INDENTURE TRUSTEE, §<br>ON BEHALF OF THE HOLDERS OF §<br>THE ACCREDITED MORTGAGE §<br>LOAN TRUST 2006-2 ASSET BACKED §<br>NOTES §<br>  Defendant § | C.A. NO. 5:22-cv-18-XR |

## DEFENDANT'S BRIEF IN OPPOSITION TO PLAINTIFF'S REQUEST FOR INJUNCTIVE RELIEF

Defendant, Deutsche Bank National Trust Company, as Indenture Trustee, on behalf of the holders of the Accredited Mortgage Loan Trust 2006-2 Asset Backed Notes ("**Trustee**" or "**Defendant**") files this Brief in Opposition to Plaintiff's Request for Injunctive Relief and would respectfully show as follows.

### INTRODUCTION

1.   This matter involves a residential mortgage in default that is past due for the May 1, 2016 mortgage payment and all subsequent payments. In an attempt to delay or avoid foreclosure, and after at least two failed bankruptcy filings, Plaintiff filed the present action claiming that foreclosure by Defendant is precluded by the statute of limitations.

2.   Plaintiff does not dispute his mortgage defaults or that the proper foreclosure notices required for foreclosure have been provided, rather his claims are predicated solely on an allegation that foreclosure by Defendant is precluded by four-year statute of limitations. After filing this action, in light of his late recognition of the tolling effect of his multiple bankruptcy filings, Plaintiff has non-suited all claims relating to alleged accrual dates other than May 5,

2015 and now bases his claims only upon an alleged acceleration of the payment obligations on that date. See Dkt. 16—First Am. Complaint (the "Complaint") and Dkt. 23-Partial Dismissal of Claims. The case now presents the narrow claim by Plaintiff that the statute of limitations for foreclosure under the subject loan accrued on May 5, 2015 and expired four years later.

3. However, Plaintiff fails to take into account the well-recognized concept of abandonment of acceleration, which restores the maturity date under the Loan as the accrual date for statute of limitations purposes and negates Plaintiff's claims in this action. As will be shown, any alleged accelerations of the payment obligations under the Loan in 2015 were legally abandoned by Defendant within four years, both by notices of default with intent to accelerate as well as by acceptance of a payment by Defendant after the alleged May 5, 2015 acceleration or accrual date.

4. Defendant will establish herein that foreclosure is not precluded by the applicable statute of limitations for foreclosure as a matter of law and that Plaintiff is not entitled to injunctive relief to stop a properly noticed foreclosure sale on a loan that has long been in default.

5. Plaintiff's request for injunctive relief fails because he has not asserted any legally viable claim sufficient to establish a probable right of recovery as necessary to support injunctive relief. Additionally, Plaintiff cannot show he has no adequate remedy at law and offers no reasonable bond amount to protect Defendant from his continued stall tactics, on a loan on which he has made no payments for years. As will be shown, Plaintiff's request for injunctive relief should be denied.

**FACTUAL BACKGROUND**

6. On or about February 28, 2006, Borrower executed and delivered a promissory note (the "**Note**") made payable to original lender Accredited Home Lenders, Inc. ("**Accredited**") and its assigns. In the Note, Borrower promised to pay the principal amount of $234,324.00, plus interest as set forth in the Note. See Exhibit 1-A.

7. The indebtedness was and is secured by a deed of trust ("**Deed of Trust**") executed by Borrower on or about February 28, 2006 establishing a first lien on the Property which is recorded in the real property records of Bexar County, Texas as Instrument Number 20060046278. See Exhibit 1-B. The Note and Deed of Trust and any loan modification agreements are referred to herein as the "Loan". The Deed of Trust established a first lien on property identified by its physical address of 16543 Inwood Cove, San Antonio, Texas 78248 (the "**Property**") as more particularly described in the Deed of Trust.

8. The Deed of Trust was assigned to Trustee as evidenced by one or more written Assignments recorded in the real property records of Bexar Bend County, Texas. See Exhibit 1-C.

9. On October 17, 2016, while Borrower was in default on his payment obligations under the Loan, notice of default was sent to Borrower by certified mail at the address or addresses indicated therein, which includes the last known address based on the records of Defendant. See Exhibit 1-D.

10. On January 13, 2017, while Borrower was in default on his payment obligations under the Loan, additional notice of default was sent to Borrower by certified mail at the address or addresses indicated therein, which includes the last known address based on the records of Defendant. See Exhibit 1-E.

3

11.      On November 22, 2021, Notice of Acceleration and Posting was sent to the Borrower by certified mail to his last known address based on the records of Defendant. See Exhibit 1-F.

12.      Defendant is the current owner and holder of the Note, the assignee of the Deed of Trust, the mortgagee under the Loan, and is legally authorized to enforce same. See Exhibit 1, 1-A, 1-B, and 1-C.

13.      Select Portfolio Servicing, Inc. ("**SPS**") is the current duly authorized mortgage servicer for the subject loan and was at times material to the claims at issue. See Exhibits 1 and 1-G.

14.      Borrower is currently past due for the May 1, 2016 installment payment and all subsequent payments due under the Note. See Exhibit "1". The last payment made on the Loan was accepted and applied to the Loan Balance by SPS on January 12, 2017. See Exhibit 1, ¶ 7.

15.      Accordingly, Borrower has defaulted on his payment obligations under the Note and Deed of Trust and remains in default. *Id*. Pursuant to the terms and conditions of the Note and at the election of the payee, the entire unpaid principal balance and interest on the Note was to become payable and immediately due at the lender's option on default. See Exhibit 1-A.

16.      Borrower remains in default under the terms of the Loan and despite written demand has refused to cure such defaults or pay the accelerated balance due under the Loan. See Exhibit 1.

17.      Plaintiff's claims against Defendant for declaratory relief are entirely predicated upon the misplaced notion that foreclosure by Trustee is precluded by the statute of limitations without mention or consideration of the well-recognized concept of abandonment of acceleration. As will be shown, Plaintiff's claims are misplaced and fail and cannot establish the basis for a probable right of recovery which is a prerequisite to Borrower's claims for injunctive relief.

Additionally, Borrower offers no reasonable bond as required for injunctive relief, while he attempts to reside in the collateral without payment.

## EVIDENCE

18.  Defendant attaches the following summary judgment evidence which is incorporated herein by reference.

| | | |
|---|---|---|
| Exhibit 1 | | Affidavit of Daniel Maynes of SPS |
| Exhibit 1-A | | Promissory Note dated February 28, 2006 |
| Exhibit 1-B | | Deed of Trust dated February 28, 2006 |
| Exhibit 1-C | | Recorded Assignment of Deed of Trust to Trustee |
| Exhibit 1-D | | Notice of Default dated October 17, 2016 |
| Exhibit 1-E | | Notice of Default dated January 13, 2017 |
| Exhibit 1-F | | Notice of Acceleration and Posting |
| Exhibit 1-G | | Power of Attorney in favor of SPS |
| Exhibit 2 | | Bankruptcy Petition and Order Lifting Stay for Case No. 5:18-BK-51607 |
| Exhibit 3 | | Bankruptcy Petition and Dismissal Order for Case No. 5:19-BK-52618 |

## ARGUMENT AND AUTHORITIES

**A.   Requirements for Injunctive Relief.**

19.  The criteria for determining whether injunctive relief will be granted are set out in *Canal Authority of State of Florida v. Callaway,* 489 F.2d 567 (5th Cir. 1974). *Callaway* established that the following requirements must be shown before a party will be entitled to preliminary injunctive relief:

> (1) a substantial likelihood that plaintiff will prevail on the merits, (2) a substantial threat that irreparable injury will result if the injunction is not granted,

(3) that the threatened injury outweighs the threatened harm to defendant, and (4) that granting the preliminary injunction will not disserve the public interest.

*Id.* at 572.  A preliminary injunction is an extraordinary remedy.  It should only be granted if the movant has clearly carried the burden of persuasion on all four *Callaway* prerequisites.  The decision to grant a preliminary injunction is to be treated as the exception rather than the rule.[1]

20.     Since a temporary restraining order or a preliminary injunction is such an extraordinary, and perhaps drastic remedy, one is not granted unless the movant clearly carries the onerous burden of persuasion as to all of the elements.[2]

21.     An injury is "irreparable" only if it cannot be undone through monetary remedies.[3]

**B.   Plaintiff's Claim for Quiet Title or Declaratory Relief based on the Statute of Limitations Fails, therefore Plaintiff cannot Establish a Probable Right of Recovery as Required to Obtain Injunctive Relief.**

22.     Plaintiff has alleged causes of action for declaratory relief and suit to quiet title predicated entirely upon the misplaced and unsupported assertion that foreclosure by Trustee is precluded by the statute of limitations.  After a pleading amendment and recent partial dismissal of claims, Plaintiff now bases his statute of limitations allegations solely on a claim that the payment obligations under the Note and Deed of Trust were legally accelerated on May 5, 2015.  See Application for Injunctive Relief at Dkt. 21, ¶15.  Plaintiff contends that alleged May 5, 2015 acceleration constitutes an accrual date for the four-year statute of limitations applicable to foreclosure and seeks a declaration of the Court and to quiet title based on such allegations.  See Complaint at ¶¶ 15-31.

---

[1] *State of Texas v. Seatrain International, S.A.,* 518 F.2d 175, 179 (5th Cir. 1975); *Callaway,* 489 F.2d at 576.
[2] *United States v. Jefferson* County, 720 F.2d 1511, 1519 (5th Cir. 1983). In other words, the movant has a cumulative burden to prove each of the four enumerated elements. *Mississippi Power & Light Co.*, 760 F.2d 618, 621 (5th Cir. 1985); *Clark v. Prichard*, 812 F.2d at 993.
[3] *Deerfield Med. Ctr. v. City of Deerfield Beach*, 661 F.2d 328, 338 (5th Cir. 1981) citing *Spiegel v. City of Houston*, 636 F.2d 997 (5th Cir. 1981); *Parker v. Dunlop*, 517 F.2d 785, 787 (5th Cir. 1975).

6

23. As will be shown, the May 5, 2015 acceleration cannot possibly give rise to a valid argument that foreclosure is precluded by the statute of limitations since any such acceleration was legally abandoned by at least two written notices of default and intent to accelerate sent to Plaintiff on October 17, 2016 and January 13, 2017, well within four years of the alleged May 5, 2015 acceleration or accrual date. See Exhibits 1-D and 1-E.

24. Additionally, and separately, any acceleration in 2015 was likewise abandoned because Borrower made a payment on January 12, 2017 that was applied to the Loan balance. See Exhibit 1 at ¶7.

25. Under Texas law, a secured lender "must bring suit for ... the foreclosure of a real property lien not later than four years after the day the cause of action accrues."[4] Whereas here, "a note or obligation [is] payable in installments [and] is secured by a real property lien, the four-year limitations period does not begin to run until the maturity date of the last note, obligation, or installment."[5] "If a note or deed of trust secured by real property contains an optional acceleration clause," however, the action accrues "when the holder actually exercises its option to accelerate."[6] To exercise this option, the holder must send "both a notice of intent to accelerate and a notice of acceleration."[7]

26. The acceleration of a note can be abandoned "by agreement or other action of the parties."[8] In addition, "a holder can abandon acceleration if the holder continues to accept payments without exacting any remedies available to it upon declared maturity."[9]

---

[4] *Boren v. U.S. Nat. Bank Ass'n,* 807 F.3d 99, 104 (5th Cir. 2015) referencing Tex. Civ. Prac. & Rem. Code § 16.035(a).
[5] *Id.* citing *EMC Mortg. Corp. v. Window Box Ass'n, Inc.,* 264 S.W.3d 331, 335 (Tex. App.-Waco 2008, no pet.).
[6] *Holy Cross Church of God in Christ v. Wolf,* 44 S.W.3d 562, 566 (Tex. 2001).
[7] *EMC Mortg. Corp.,* 264 S.W.3d at 335–36. "Both notices must be 'clear and unequivocal.'" *Id.* (quoting *Wolf,* 44 S.W.3d at 566).
[8] *Khan v. GBAK Props.,* 371 S.W.3d 347, 353 (Tex. App-Houston [14th Dist.] 2012, no pet.).
[9] *Wolf,* 44 S.W.3d at 566–67.

"Abandonment of acceleration has the effect of restoring the contract to its original condition," thereby "restoring the note's original maturity date" for purposes of accrual.[10]

27. A notice of default sent by the mortgagee to the borrower stating the amount required to cure the default as the past due amounts rather than the accelerated loan balance within four-year years of an acceleration establishes abandonment of acceleration for purposes of a statute of limitations analysis relating to foreclosure.[11]

28. Assuming for purposes of argument that the 2015 acceleration alleged by Plaintiff occurred and commenced the four-year statute of limitations, any statute of limitations argument by Plaintiff based on that acceleration fails because any such acceleration was legally abandoned prior to the expiration of the four-year period following the alleged acceleration date.[12]

29. More specifically, the applicable law is clear that both the October 17, 2016 and January 13, 2017 Demands-Notices of Default sent by SPS to Borrower constituted abandonment of any accelerations that occurred within the four-year period prior to when such written notices were sent to the Plaintiff. See Exhibit 1-D and 1-E.

30. Additionally, and separately, any acceleration in 2015 was likewise abandoned because Borrower made a payment on January 12, 2017 that was applied to the Loan balance. See Exhibit 1 at ¶7. Acceptance of this payment by Defendant also constitutes abandonment of any acceleration within the four-year time period prior to the payment and restores the maturity date under the Note for statute of limitations purposes.[13] Accordingly, there is no doubt that the

---

[10] *Khan,* 371 S.W.3d at 353 (citations omitted).
[11] *See Boren v. U.S. Nat. Bank Ass'n,* 807 F.3d 99, 104 (5th Cir. 2015); *Seigel v. U.S. Bank Nat'l Ass'n*, 218 F.Supp.3d 541, 546 (S.D. Tex. 2016) (notice of default and intent to accelerate abandoned prior acceleration and reset the statute of limitations).
[12] *See Boren*, 807 F.3d at 104; *King v. Select Portfolio Servicing, Inc.*, 740 F. App'x 814,818-819 (5th Cir 2018); *Juarez v. Wells Fargo Bank, N.A.*, No. SA-19-CV-01081-XR, 2020 WL 5709258 at *10 (W.D. Tex. Sept. 23, 2020).
[13] See *Rivera v. Bank of America, N.A.*, 607 Fed. Appx. 358 (5th Cir. 2015) (per curiam) citing *Holy Cross Church of God in Christ v. Wolf*, 44 S.W.3d 563, 566-67 (Tex. 2001).

2015 acceleration alleged by Borrower was abandoned prior to the expiration of the four-year statute of limitations and Plaintiff's allegations regarding the statute of limitations fail.

31. The following timeline is included for the Court's convenience and is supported by summary judgment evidence.

| | |
|---|---|
| 05/05/2015 | Acceleration/Accrual date alleged by Plaintiff |
| 10/17/2016 | Notice of Default abandons prior acceleration (See Exhibit 1-D) |
| 01/12/2017 | Borrower makes payment that was accepted and applied to Loan balance (See Exhibit 1, ¶ 7). |
| 01/13/2017 | Notice of Default further confirms abandonment of prior acceleration (See Exhibit 1-E) |
| 07/2/2018 | Borrower files Chapter 13 BK (Exhibit 2) |
| 09/23/2019 | Lift Stay Granted (Exhibit 2) |
| 11/04/2019 | Borrower files second BK (Exhibit 3) |
| 02/07/2020 | Second BK dismissed (Exhibit 3)[14] |
| 11/22/2021 | Notice of Acceleration and Posting (Exhibit 1-F) |

32. Plaintiff has not and cannot establish that foreclosure by Trustee is precluded by the statute of limitations applicable to foreclosure, and to the contrary Defendant has negated such claims based on the unequivocal evidence of abandonment of alleged accelerations that occurred prior to the two notices of default and separate acceptance of payment, all of which occurred within four years of the alleged 2015 acceleration.

33. Accordingly, Plaintiff's claim for declaratory relief and quiet title claims fail since such claims are predicated entirely on an allegation that foreclosure by Trustee is precluded by the statute of limitations applicable to foreclosure, a claim that has been shown to fail.

---

[14] Although not relevant to the May 2015 accrual date alleged by Plaintiff, Defendant includes evidence of later bankruptcy tolling out of caution even though claims based on later accrual dates have recently been non-suited by Plaintiff.

### C.     Plaintiff Otherwise has an Adequate Remedy at Law.

34.    Plaintiff cannot otherwise show a right to injunctive relief because he has an adequate remedy at law, namely a wrongful foreclosure action, if he can meet his burden of proof regarding same following foreclosure.  In a similar context, courts have held that a borrower in default is not entitled to injunctive relief to stop a foreclosure sale because he has an adequate remedy at law, namely Plaintiff may pursue a wrongful foreclosure lawsuit for money damages following the sale if he has the grounds to do so.[15]  Accordingly, Plaintiff has not and cannot show that he has no adequate remedy at law as required to support a claim for injunctive relief.

### D.     Although Plaintiff is Not Entitled to Injunctive Relief, even if he were, the Bond Amount should be substantial given the extensive mortgage defaults and Plaintiff's history of delay tactics.

35.    Rule 65(c) of the Federal Rules of Civil Procedure provides as follows:

> (c) Security.  The Court may issue a preliminary injunction or a temporary restraining order only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been improperly enjoined or restrained.[16]

36.    Plaintiff does not dispute that he received the loan proceeds or that the loan is past due for the May 1, 2016 payment and all subsequent payments due under the Loan.  Plaintiff has not offered to pay his mortgage arrearages or any other reasonable amount to satisfy this requirement.  Plaintiff's monthly mortgage payments if he timely made them would be no less than $4,117.69 per month.  Although Defendant denies that Plaintiff is entitled to injunctive

---

[15]  *See Schaffer v. Bank of New York Mellon*, 4:16CV47, 2016 WL 9175874, at *2 (E.D. Tex. Feb. 2, 2016); *Calhoun v. Stearns Lending, LLC*, No. 4:19-cv-55, 2019 WL 1232862, at *5 (E.D. Tex. Feb. 1, 2019).
[16]  Fed. R. Civ. P. 65 (c).

relief, without adequate security the Court should not otherwise impose injunctive relief in this context even if the Court determines Plaintiff is somehow entitled to injunctive relief.[17]

## CONCLUSION

37. Plaintiff has not and cannot show a probable right of recovery on any claim asserted and therefore his claim for injunctive relief fails on that basis. Plaintiff has not and cannot show that he has no adequate remedy at law and his claim for injunctive relief fails for that additional reason. Finally, Plaintiff has not offered to pay or shown an ability to pay his past due mortgage payments or any mortgage payments. However, if the Court somehow determines that Plaintiff is entitled to injunctive relief, the bond amount must be substantial to protect Defendant from the continued stall tactics of Plaintiff regarding a loan that has been past due for over 5 years, while Plaintiff continues to reside in the subject collateral only as a result of past and current litigation tactics.

WHEREFORE PREMISES CONSIDERED, Defendant respectfully requests that Plaintiff's Request for Temporary Restraining Order be denied and for such other relief to which Defendant may show itself to be entitled.

---

[17] *See Schaffer,* 2016 WL 9175874, at *2 (E.D. Tex. Feb. 2, 2016)

Respectfully submitted,

By: /s/ Michael F. Hord Jr.
    Michael F. Hord Jr.
    State Bar No. 00784294
    Federal I.D. No. 16035
    Eric C. Mettenbrink
    State Bar No. 24043819
    Federal I.D. No. 569887
    HIRSCH & WESTHEIMER, P.C.
    1415 Louisiana, 36th Floor
    Houston, Texas 77002-2772
    713-220-9182 Telephone
    713-223-9319 Facsimile
    E-mail: mhord@hirschwest.com
    Email:  emettenbrink@hirschwest.com

**ATTORNEYS FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

    I hereby certify that on this 3rd day of May 2022, a true and correct copy of the foregoing and/or attached was served on each attorney of record or party in accordance with **Federal Rule of Civil Procedure 5(b)** as follows:

Jeffrey C. Jackson
Jeffrey Jackson & Associates, PLLC
2500 E. TC Jester Blvd., Ste. 285
Houston, TX 77008
**Via ECF**

/s/ Michael F. Hord Jr.
Michael F. Hord Jr.

12