**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| JAMES MARTZALL,<br>             *Plaintiff,* | §<br>§<br>§ | |
| | § | SA-22-CV-00018-XR |
| v. | §<br>§ | |
| | § | |
| DEUTSCHE BANK NATIONAL TRUST<br>COMPANY, AS INDENTURE<br>TRUSTEE, ON BEHALF OF THE<br>HOLDERS OF THE ACCREDITED<br>MORTGAGE LOAN TRUST 2006-2<br>ASSET BACKED NOTES,<br>             *Defendant.* | §<br>§<br>§<br>§<br>§<br>§<br>§ | |

| | | |
|---|---|---|
| JAMES MARTZALL,<br>             *Plaintiff,* | §<br>§<br>§ | |
| | § | SA-22-CV-00608-XR |
| v. | §<br>§ | |
| | § | |
| SELECT PORTFOLIO SERVICING,<br>INC.,<br>             *Defendant.* | §<br>§<br>§ | |

**ORDER**

On this date, the Court considered Defendant Deutsche Bank's Motion to Consolidate in

SA-22-CV-00018-XR (ECF No. 31) and Defendant Select Portfolio Servicing, Inc.'s Motion to

Consolidate in SA-22-CV-00608-XR (ECF No. 4). After careful consideration, the Court issues

the following order.

**BACKGROUND**

Plaintiff James Martzall ("Martzall") owns real property located at 16543 Inwood Cove,

San Antonio, Texas 78248. ECF No. 16 ¶ 5.[1] Martzall purchased the property for $234,320 on

---

[1] The Courts cites to the parties' filings in SA-22-CV-00018-XR, unless otherwise stated.

February 28, 2006, with a mortgage loan from Accredited Home Lenders, Inc. secured by a deed of trust that was later assigned to Defendant Deutsche Bank ("Deutsche Bank") as trustee on behalf of the Accredited Mortgage Loan Trust 2006-2 ("2006-2 Trust"). *Id.* ¶¶ 2, 7–8. Martzall alleges that Select Portfolio Servicing, Inc. ("SPS") is the agent and mortgage servicer of the mortgage note and deed of trust on behalf of Deutsche Bank, and that both SPS and Deutsche Bank claim the power of sale under the deed of trust. *Id.* ¶¶ 9–10.

On July 21, 2014, SPS sent Martzall a notice of intent to accelerate the loan. *Id.* ¶ 11. Between May 2015 and January 2022, SPS and Deutsche Bank filed with the Bexar County Clerk and sent Martzall nine notices of nonjudicial foreclosure. *Id.* ¶ 12. However, none of these scheduled sales took place. *Id.* ¶ 13. According to Martzall, "All of the notices of sale that were filed . . . stated that the amount of the Loan debt was 'wholly due.'" *Id.* ¶ 14.

On December 30, 2021, Martzall filed a lawsuit in the 131st Judicial District Court of Bexar County, naming "Deutsche Bank National Trust Company, as Indenture Trustee, on behalf of the holders of the Accredited Mortgage Loan Trust 2006-2 Asset Backed Notes" as the defendant. ECF No. 1-4 at 1. On January 10, 2022, Deutsche Bank timely removed the case to this Court on the basis of diversity jurisdiction.[2] ECF No. 1 ¶ 1.

On March 1, 2022, Martzall filed an amended complaint, seeking a permanent injunction preventing Deutsche Bank from interfering with his ownership of the property and a declaratory judgment specifying that any future foreclosure sale is time-barred and that Deutsche Bank's deed of trust is void. *See* ECF No. 16 at 6.

On April 19, 2022, Martzall filed a motion for a preliminary injunction. ECF No. 21. SPS and Deutsche Bank had sent Martzall a notice of nonjudicial foreclosure to take place on June 7,

---

[2] The Court denied Martzall's motion to remand. *See* ECF No. 20.

2022. ECF No. 21-6. Martzall, therefore, sought a court order enjoining SPS and Deutsche Bank from interfering with his property.[3] ECF No. 21 at 8. After hearing oral argument, the Court denied Martzall's motion for a preliminary injunction, finding that Martzall had not shown a likelihood of success on the merits. Text Order, May 13, 2022.

Thereafter, on June 3, 2022, Martzall, proceeding *pro se*, filed a second lawsuit in the 225th Judicial District Court of Bexar County against SPS, seeking a court order preventing foreclosure of the same property.[4] *See* Pet., *Martzall v. Select Portfolio Servicing, Inc.*, No. 5:22-CV-00608-XR (W.D. Tex. June 9, 2022), ECF No. 1-4. He obtained a temporary ex parte restraining order temporarily preventing foreclosure of his property. *See* Order, *Select Portfolio Servicing*, No. 5:22-CV-00608-XR, ECF No. 1-5. On June 9, 2022, SPS removed that action to this Court. Not. of Removal, *Select Portfolio Servicing*, No. 5:22-CV-00608-XR, ECF No. 1.

On June 13, 2022, Deutsche Bank and SPS filed motions to consolidate in the removed actions. *See* ECF No. 31; *see also* Mot. to Consol., *Select Portfolio Servicing*, No. 5-22-CV-00608-XR, ECF No. 4.

## DISCUSSION

### I.  Legal Standard

Federal Rule of Civil Procedure 42 provides that a federal district court may consolidate actions that involves common questions of law or fact. FED. R. CIV. P. 42(a). The purpose of consolidation is to "avoid unnecessary costs or delay." *Id.*; *Frazier v. Garrison Indep. Sch. Dist.*, 980 F.2d 1514, 1531 (5th Cir.1993).

---

[3] The action bearing case number SA-22-CV-00018-XR lists Deutsche Bank as the only defendant.

[4] Martzall's attorney withdrew after Martzall initiated the second action without his knowledge and against and against his advice and counsel. *See* ECF No. 32; *see also* ECF No. 30 ¶¶ 7–8.

A district court has very broad discretion in deciding whether to consolidate. *Frazier,* 980 F.2d at 1531–32. In determining whether consolidation is appropriate, the district court examines factors that include the following: (1) whether the actions are pending before the same court, (2) whether common parties are involved in the cases, (3) whether there are common questions of law and/or fact, (4) whether there is risk of prejudice or confusion if the cases are consolidated, and if so, is the risk outweighed by the risk of inconsistent adjudications of factual and legal issues if the cases are tried separately, (5) whether consolidation will conserve judicial resources, (6) whether consolidation will result in an unfair advantage, (7) whether consolidation will reduce the time for resolving the cases, and (8) whether consolidation will reduce the cost of trying the cases separately. *See Harris v. Bexar County*, No. SA–08–CV–728–XR, 2009 WL 4059092, at *1 (W.D. Tex. Nov. 23, 2009) (quoting *Zolezzi v. Celadon Trucking Servs. Inc.,* No. H–08–3508, 2009 WL 736057, at *1 (S.D. Tex. March 16, 2009)); *Russo v. Alamosa Holdings, Inc.*, No. Civ. A. 5:03–CV–312–C, 2004 WL 579378, at *1 (N.D. Tex. Feb. 27, 2004).

## II.    Analysis

The Court finds that consolidation is proper. The actions are pending before the same court. The cases involve common questions of law and fact. Indeed, both cases involve the same property, transactions, and occurrences. The only difference is that the second lawsuit identifies SPS as the defendant. But it is undisputed that SPS is the mortgage servicer for the same loan secured by Martzall's property. There is also no risk of prejudice or confusion if the cases are consolidated. Further, no unfair advantage will result if the cases are consolidated. Moreover, the interests of judicial economy dictate that the matters be consolidated.

**CONCLUSION**

Accordingly, Defendant Deutsche Bank's Motion to Consolidate in SA-22-CV-00018-XR (ECF No. 31) and Defendant Select Servicing Portfolio, Inc.'s Motion to Consolidate in SA-22-CV-00608-XR (ECF No. 4) are hereby **GRANTED**.

The Court hereby **ORDERS** that SA-22-CV-00608-XR be consolidated into SA-22-CV-00018-XR. It is **FURTHER ORDERED** that all future filings be filed in SA-22-CV-00018-XR.

Given these circumstances, the Court concludes that SA-22-CV-00608-XR is appropriate for administrative closure. *See Mire v. Full Spectrum Lending, Inc.*, 389 F.3d 163, 167 (5th Cir. 2014). The Clerk's Office is therefore **DIRECTED** to administratively close SA-22-CV-00608-XR pending further order of the Court.

It is so **ORDERED**.

**SIGNED** this June 28, 2022.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE